IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN McALARNEN, on behalf of himself and all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>SWIFT TRANSPORTATION COMPANY, INC., *et al.*<br>　　　　Defendants. | :<br>: CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 09-1737<br>: |

## ORDER

**AND NOW,** this **29th** day of **January**, **2010**, upon consideration of Plaintiffs' Unopposed Motion to Grant Final Approval to Proposed Class Action Settlement and for Related Relief, following a fairness hearing on January 25, 2010, and for the reasons stated in this Court's Memorandum dated January 29, 2010, it is hereby **ORDERED** that:

　　1.　　This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

　　2.　　Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order dated November 6, 2009, and such Notice by mail and has been given in an adequate and sufficient manner; and

satisfies Rule 23(e) and due process.

3. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

4. The settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5. The relief provided under the Settlement Agreement constitutes fair value given in exchange for the releases of the Settled Claims against the Released Parties.

6. Plaintiff's unopposed motion (Document No. 32) is **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

A. This action is finally certified as a class action on behalf of a Settlement Class defined as follows:

> All former Swift Driving Academy students who are Pennsylvania CDL holders, who, since December 1, 2008, have received a form notice from the Director of the Bureau of Driver Licensing of the Pennsylvania Department of Transportation which is similar or identical to Attachment A to the First Amended Complaint.

B. The Court grants final approval to the proposed class action Settlement Agreement and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

C. Pursuant to the settlement, the First Amended Complaint is **DISMISSED WITH PREJUDICE** and the Class member claims are deemed released to the extent specified in the Settlement Agreement.

D. Class counsel's Petition for Fees (Document No. 33) is **GRANTED**. An award of attorneys' fees and costs of $22,500 to Class counsel is approved and is to be paid in accordance with the terms of the Settlement Agreement.

E. The Clerk of Court is directed to close this case.

**BY THE COURT:**

_____
**Berle M. Schiller, J.**